**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD ANNUNZIATA, et al., : CIVIL ACTION NO. 10-3227 (MLC)
| Plaintiffs, : **O P I N I O N**
| v. :
| GINO PALAZZOLO, et al., :
| Defendants. :

**THE PLAINTIFFS PRO SE** — Richard Annunziata, and Putnam at Deptford, LLC ("PDLLC") — (1) brought this action on June 24, 2010, to recover damages for breach of contract, and (2) assert jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** show that Annunziata is a New York citizen by providing his address. (Compl. at 1.) But the plaintiffs fail to properly allege PDLLC's citizenship. (Id. at 2.) PDLLC is a limited liability company. Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's

citizenship. Id. at 420. The citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). The plaintiffs fail to allege the name and citizenship of each member of PDLLC.

**PDLLC** is proceeding pro se. That is improper. A limited liability company cannot represent itself pro se in federal court, and can proceed only if it is represented by a licensed attorney. Curbison v. U.S. Gov't of N.J., 242 Fed.Appx. 806, 808-09 (3d Cir. 2007); Super 8 Worldwide v. KNR Hotels, No. 09-3302, 2009 WL 4911942, at *4 (D.N.J. Dec. 11, 2009); Koken v. Morelli, No. 06-1024, 2007 WL 2990681, at *3 (D.N.J. Oct. 10, 2007); Beale v. Dep't of Justice, No. 06-2186, 2007 WL 327465, at *3 (D.N.J. Jan. 30, 2007).

**THE PLAINTIFFS** allege that the defendant Gino Palazzolo "is a resident of New Jersey", without providing his address. (Compl. at 2.) But an allegation as to where a person resides, is licensed, or has a place of business — as opposed to is a citizen — does not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS** allege that the defendant Gino's 2002 Irrevocable Trust ("Trust") "is a resident of New Jersey". (Compl. at 2.)  The Court, when determining a trust's citizenship, "is to look to the citizenship of both the trustee and the beneficiary in all cases".  Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 203 (3d Cir. 2007); see id. at 205 (stating citizenship of both the trustee and the beneficiaries control in determining trust's citizenship).  The plaintiffs have not provided this information to the Court.

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). Thus, the plaintiffs must properly demonstrate (1) PDLLC's citizenship as it existed on June 24, 2010, i.e., list and analyze each member, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of PDLLC's structure, (2) that PDLLC is represented by a licensed attorney in this action, (3) Palazzolo's citizenship as it existed on June 24, 2010, with supporting documentation, (4) the Trust's citizenship as it existed on June 24, 2010, i.e., list and analyze the trustee and each beneficiary, with supporting documentation and affidavits from those with knowledge of the Trust's structure, and (5) that there is jurisdiction under Section 1332. The Court advises the plaintiffs that they must specifically assert citizenship as it existed on June 24, 2010.

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court advises the plaintiffs that an allegation as to where any party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken, 335 Fed.Appx. at 162-63. The Court advises the plaintiffs that an allegation

based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New York"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as the plaintiffs should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320.

    **THE COURT** will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:  June 25, 2010